**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

DEC 22 2025

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GILBERTO DIAZ VALENCIA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 21-70877

Agency No.
A072-524-673

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2025[**]

Before:     PAEZ, CHRISTEN, and KOH, Circuit Judges.

Gilberto Diaz Valencia, a native and citizen of El Salvador, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his applications for asylum,

withholding of removal, protection under the Convention Against Torture

("CAT"), and cancellation of removal. Our jurisdiction is governed by 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for substantial evidence the agency's factual findings, *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019), and whether the agency erred in applying the exceptional and extremely unusual hardship standard to a given set of facts, *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Diaz Valencia failed to show he was or would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Diaz Valencia's asylum claim fails.

Because Diaz Valencia failed to show any nexus to a protected ground, he also failed to satisfy the standard for withholding of removal. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359-60 (9th Cir. 2017).

Because nexus is dispositive, we need not reach Diaz Valencia's remaining contentions regarding the merits of his claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach). We reject as unsupported by the record Diaz Valencia's contention that the BIA applied an incorrect standard of review.

Substantial evidence also supports the agency's denial of CAT protection

2                                                                    21-70877

because Diaz Valencia failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

As to cancellation of removal, substantial evidence supports the agency's determination that Diaz Valencia has not shown exceptional and extremely unusual hardship to qualifying relatives. *See Gonzalez-Juarez*, 137 F.4th at 1006 (petitioner must show hardship "substantially beyond the ordinary hardship that would be expected when a close family member leaves the country" (citation and internal quotation marks omitted)).

To the extent Diaz Valencia challenges the weight the agency gave his equities, we lack jurisdiction to review this contention. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Wilkinson v. Garland*, 601 U.S. 209, 218, 222, 225 (2024) (courts have jurisdiction to review constitutional claims and questions of law, but not factual determinations, including "the seriousness of a family member's medical condition" and "the level of financial support a noncitizen currently provides").

Because the hardship determination is dispositive, we need not reach Diaz Valencia's remaining contentions regarding cancellation of removal. *See Simeonov*, 371 F.3d at 538.

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**